**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4441

ARCHIE LEE EDWARDS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-00-59)

Submitted: November 30, 2001

Decided: December 27, 2001

Before LUTTIG, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey W. Shaw, DUSEWICZ & SOBERICK, P.C., Gloucester Point, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Matthew W. Hoffman, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Archie Lee Edwards, Jr., appeals his conviction of being a felon in possession of a firearm. We affirm.

Two bounty hunters, Samuel Kearson and Eugene Johnson, called the police when they discovered that Edwards, who was wanted on a warrant, was probably inside a residence in Newport News, Virginia. Officers responded to the area and met Kearson and Johnson. Kearson, flanked by two officers, knocked on the front door of the townhouse. Johnson and other officers were at the rear of the house. When Edwards opened the door, Kearson identified himself and saw that Edwards had a gun. Kearson yelled, "Gun! Gun!" He said that the weapon appeared to be a 9 mm. black semiautomatic handgun. The bounty hunters and officers quickly moved to more secure locations.

Soon, Edwards apparently voluntarily left the house. He was arrested. Lorna Thigpen, who resided in the home, gave written consent to a search of the residence. Officers discovered a loaded, black 9 mm. handgun in plain view in a closet in the master bedroom. There was testimony that the gun had traveled in interstate commerce, and Edwards stipulated to a prior felony conviction.

The arguments raised by Edwards on appeal are not persuasive. First, in response to the jury's request to receive those portions of Kearson's and Officer Rogers' testimony pertaining to the description of the gun and where it was seen, the court reread the entire testimony of both Kearson and Rogers. We discern no judicial bias in the court's decision to reread all of the testimony, as opposed to portions of the testimony, and conclude that there was no abuse of discretion. *See United States v. Meredith*, 824 F.2d 1418, 1425 (4th Cir. 1987). The court's brief questioning of Rogers about the difference between a revolver and an automatic weapon and its questions of and comments to Thigpen, whose testimony often was confusing, confrontational and contradictory, were entirely appropriate exercises of the court's duty under Fed. R. Evid. 611(a), 614(b). Further, there is no evidence of judicial bias in the court's questions and comments. *See United States v. Villarini*, 238 F.3d 530, 536 (4th Cir. 2001).

Officer Bollhorst testified that, in his initial report, he identified Kearson as Johnson. When he discovered his mistake, he corrected the report. Instead of the initial report, a corrected report was given to the Commonwealth's Attorney, who provided it to Edwards' lawyer. Failure to receive the initial report could not possibly have prejudiced Edwards' defense, and there was no violation of either the Jencks Act or *Brady v. Maryland*, 373 U.S. 83 (1963), that requires reversal. *See United States v. Sarihifard*, 155 F. 3d 301, 309 (4th Cir. 1998) (*Brady*); *United States v. Schell*, 775 F.2d 559, 567 (4th Cir. 1985) (Jencks Act).

In response to the jury's question about possession, the district court gave a supplemental instruction that answered the question "fairly and accurately without creating prejudice." *United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995). The instruction simply set forth the difference between mere presence and possession, and further explained the difference between constructive and actual possession. Finally, the district court did not abuse its discretion in giving a modified *Allen* charge, *Allen v. United States*, 164 U.S. 492 (1896), when the jury announced its inability to reach a verdict. Notably, the court did not suggest that any juror surrender his or her convictions and encouraged open minds among those in the majority and those in the minority. *See United States v. Cropp*, 127 F.3d 354, 359 (4th Cir. 1997).

We accordingly affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process. The motion to reconsider the order denying Edwards' motion for substitute counsel is denied.

*AFFIRMED*